UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

NICOMEDES RODRIGUEZ SANCHEZ,
et al.,

    Plaintiffs,

v.

COMMONWEALTH OF PUERTO RICO,
et al.,

    Defendants.

Civil No. 12-1640 (JAF)

## **OPINION AND ORDER**

We must decide if this complaint alleges sufficient facts that, if true, the allegations would constitute a Fourth Amendment violation based on the use of excessive force to restrain an individual.

### I.

### **Background**

On August 9, 2011, Puerto Rico Police Department Officers Gerardo Maldonado-Rivera and Frederick Sebastián-Muñíz, along with an unidentified third officer, responded to a criminal complaint filed by Maracelys Meléndez-Maisonet, regarding Nicomedes Rodríguez-Sánchez. Rodríguez-Sánchez, who was seventy-five years old at the time, claims that the officers arrested him in an extremely rough manner: After restraining Rodríguez-Sánchez with handcuffs, he says the officers picked him up in the air and bashed his head against a patrol car before they threw him into the backseat, where Rodríguez-Sánchez lost consciousness. (Docket No. 1 at 2-3.) While being transported to jail, Sebastián- Muñíz

warned Rodríguez-Sánchez not to mention his rough treatment. According to Rodríguez-Sánchez, he was held for two to three hours before he was given a citation and released.

Rodríguez-Sánchez filed a complaint against the Commonwealth of Puerto Rico, Sebastián-Muñíz, Rivera-Maldonado, and an unknown police officer, claiming excessive force, illegal arrest and assault and battery, and intentional infliction of emotional distress. (Docket No. 1.) The Commonwealth of Puerto Rico moved to dismiss. (Docket No. X.)

## II.

## Legal Standard

A plaintiff's complaint will survive a motion to dismiss if it alleges sufficient facts to establish a plausible claim for relief. See Fed.R.Civ.P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  In assessing a claim's plausibility, the court must construe the complaint in the plaintiff's favor, accept all non-conclusory allegations as true, and draw any reasonable inferences in favor of plaintiff. San Geronimo Caribe Project, Inc. v. Acevedo-Vila, 687 F.3d 465, 471 (1st Cir. 2012) (citation omitted).

## III.

## Discussion

A.  **Complaint Against the Commonwealth of Puerto Rico**

Defendants claim they are protected by the Eleventh Amendment because it bars suits against the Commonwealth of Puerto Rico, its agencies, and government officials acting in their official capacities. However, the complaint does not state whether the Defendants are being sued in their individual or official capacities. (Docket No. 4.) The First Circuit has adopted a course-of-the-proceedings test to determine whether a plaintiff has brought an

individual or official capacity suit against a government official. See <u>Powell v. Alexander</u>, 391 F.3d 1, 22 (1st Cir.2004). The test attempts to strike a fair balance between a defendant's right to have notice of liability and a plaintiff's need for flexibility in developing a case. <u>Id.</u> at 22. The court should evaluate "the substance of the pleadings and the course of proceedings in order to determine whether the suit is for individual or personal liability." <u>Id.</u> (quoting <u>Pride v. Does</u>, 997 F.2d 712, 715 (10th Cir. 1993)). Since Rodríguez-Sánchez is proceeding pro se, we liberally construe his complaint to have been brought against Defendants in both their individual and official capacities.

The text of the Eleventh Amendment immunizes states from federal lawsuits by citizens of foreign states. U.S. Const. Amend. XI. The Supreme Court has held that principles of sovereign dignity, inherent in the Constitution itself, extend states' immunity beyond the textual boundaries of the Eleventh Amendment to include immunity from suits by a state's own citizens. <u>Alden v. Maine</u>, 527 U.S. 706, 727–29 (1999). For the purposes of Eleventh Amendment analysis, the Commonwealth of Puerto Rico is treated as if it were a state. <u>Díaz–Fonseca v. Puerto Rico</u>, 451 F.3d 13, 33 (1st Cir. 2006). Consistent with Supreme Court precedent, the First Circuit has held that suits against officials in their official capacities are barred by the Eleventh Amendment. <u>Fred v. Aponte Roque</u>, 916 F.2d 37, 39 (1st Cir.1990) (citing <u>Will v. Mich. Dep't of Corr.</u>, 491 U.S. 58, 68–71 (1989)). As such, all claims for damages against Defendants in their official capacities are dismissed. All claims for damages against Defendants in their individual capacities may proceed.

**B.     <u>Complaint Against Individual Officers</u>**

Defendants' claim of qualified immunity gives rise to two questions: Whether the officers violated Rodríguez-Sánchez's constitutional rights and, if so, whether those rights were clearly established at the time. See <u>Pearson v. Callahan</u>, 555 U.S. 223, 236 (2009).

Rodríguez-Sánchez has alleged gratuitous violence at the hands of police officers, specifically that they "bashed" his head against a patrol car while he was restrained with handcuffs. (Docket No. 1 at 2-3.) Such conduct, if true, is clearly a violation of an established constitutional right. See, e.g., Raiche v. Pietroski, 623 F.3d 30 (1st Cir. 2010) (officer's conduct in physically removing motorcyclist from his parked motorcycle and slamming him into pavement during traffic stop was unreasonable under the circumstances and, thus, in violation of motorcyclist's constitutional right to be free from unreasonable seizure). Although excessive force can sometimes be reasonable, Morelli v. Webster, 552 F.3d 12, 24 (1st Cir. 2009), it is impossible to know the reasonableness of the force used here without further development of the record. The allegations of Rodríguez-Sánchez's complaint are, therefore, sufficient to withstand Defendants' Rule 12(b)(6) motion because, if they are true, they constitute a clear violation of Rodríguez-Sánchez's constitutional rights. The Defendants' motion to dismiss is DENIED, although we recognize that the officers can bring any other request at any time, based on further development of the record.

## IV.

## Conclusion

For the foregoing reasons, we hereby **DENY** Defendants' motion to dismiss.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 16th day of May, 2013.

                                                      S/José Antonio Fusté
                                                      JOSE ANTONIO FUSTE
                                                      U. S. DISTRICT JUDGE